IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CV-125-FL

| | |
|---|---|
| WILLIE DANIEL RICHARDSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (DE 22 & 24). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge Robert T. Numbers, II, entered a memorandum recommending that the court deny plaintiff's motion, grant defendant's motion, and uphold the Commissioner's decision denying benefits. Plaintiff timely filed an objection to the memorandum and recommendation ("M&R"), and defendant filed a response. (DE 27 & 28). In this posture, the matter is ripe for ruling. For the reasons that follow, the court overrules plaintiff's objection to the M&R and upholds the Commissioner's decision denying benefits.

In addressing plaintiff's objection to the M&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

In this case, plaintiff limits his objection to the magistrate judge's finding that there was

substantial evidence supporting the ALJ's evaluation of plaintiff's residual functional capacity. (Pl. Obj. to M&R at 4, DE 27). Plaintiff takes issue with the conclusion reached by the ALJ that plaintiff is able to perform light work, and argues that plaintiff's medical record supports a finding that plaintiff is unable to perform the physical and mental demands required by light work. Id.

In argument concerning mental demands, plaintiff points to no particular error on the magistrate judge's part, but rather, restates without substantive alteration, and in many instances verbatim, arguments made in plaintiff's motion for judgment on the pleadings. (Pl. Motion at 6, 8–10, DE 23; Pl. Obj. at 4–6, DE 27). Upon careful review of the record, the court finds that the magistrate judge already has addressed the argument made by plaintiff in his objection, and plaintiff raises no new issues on this point for the court to review de novo. The magistrate judge thoroughly addressed plaintiff's argument concerning mental impairments at pages 10–11 of the M&R, where he discusses the evidence of the multiple impairments alleged by plaintiff and concludes that plaintiff has failed to specify how the ALJ erred in her analysis. "Subject only to the substantial evidence requirement, it is the province of the [ALJ], and not the courts, to make credibility determinations and to resolve ambiguities in the evidence." Mickles v. Shalala, 29 F.3d 918, 929 (4th Cir. 1994). Accordingly, the court adopts as its own the magistrate judge's discussion of the mental capacity issue.

With regard to physical impairments affecting plaintiff's residual functional capacity, plaintiff argues in particular that back pain prevents him from performing light work and refers to one physician's opinion that plaintiff should avoid work that would cause or increase his back pain. (Pl. Obj. at 4, 5, DE 27). However, as noted in the M&R, this physician did not identify specific limitations, no physician ever suggested surgery, and a conservative treatment plan provided relief

2

to plaintiff. (M&R at 9, 10, DE 26). Taken in conjunction with the magistrate judge's discussion of physical impairments, which the court incorporates by reference here, the court finds substantial evidence to support the ALJ's findings that plaintiff has the physical capacity to perform light work.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R, overrules plaintiff's objection, and upholds the Commissioner's decision. Accordingly, plaintiff's motion for judgment on the pleadings (DE 22) is DENIED, and defendant's motion for judgment on the pleadings (DE 24) is GRANTED. The clerk is DIRECTED to close the case file.

SO ORDERED this 30th day of September, 2015.

LOUISE W. FLANAGAN
United States District Judge